Bravia Capital Hong Kong Ltd. v HNA Group Co., Ltd. (2024 NY Slip Op 50075(U))

[*1]

Bravia Capital Hong Kong Ltd. v HNA Group Co., Ltd.

2024 NY Slip Op 50075(U)

Decided on January 23, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2024
Supreme Court, New York County

Bravia Capital Hong Kong Limited, Plaintiff,

against
HNA Group Co., Limited, HNA GROUP NORTH AMERICA LLC, Defendant.

Index No. 652320/2021

Attorneys for Plaintiff:
BAKER BOTTS L.L.P. 
BY: LEWIS ZIROGIANNIS, ESQ 
BY: RYAN WARD, ESQ.
ROTTENBERG LIPMAN RICH, P.C.
BY: JENNIFER A. KREDER, ESQ.
BY: MITCHELL E. EPNER, ESQ.
Attorneys for the Defendants:
KEVIN KERVENG TUNG, P.C.
BY: KEVIN K. TUNG, ESQ.
BY: JIAJIE CAO, ESQ
BY: GE LI, ESQ.
CYRULI SHANKS & ZIZMOR, LLP
BY: ROBERT J. CYRULI, ESQ.

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 018) 328, 329, 330, 331, 333 were read on this motion to/for SEAL.
In this commercial action, Bravia Capital Hong Kong Limited ("Bravia" or plaintiff), moves, by order to show cause, for an order pursuant to 22 NYCRR 216.1(a): (1) sealing for good cause the unredacted versions of plaintiff's memorandum in support of its motion for summary judgment, certain accompanying exhibits, and plaintiff's statement of material facts (NYCEF Doc Nos. 310, 313, 315 through 320, 322 through 324, 326) (collectively "summary judgment materials"); (2) restricting access to the sealed, unredacted version of materials to the parties; (3) restraining the Chief Deputy Clerk, Chief Clerk of Law and Equity, and/or the Chief Judgment Clerk from publicly publishing the unredacted materials;
For the reasons set forth below, the motions are granted.
Protective Order
Bravia seeks to redact and/or seal documents produced by parties and nonparties, designated as confidential; documents containing information related to business dealings with one another; and documents containing information implicating obligations to nonparties. The parties entered into a stipulation for the production and exchange of confidential information, which was so ordered by the court on June 14, 2022 (protective order) (NYSCEF Doc. No. 178). 

Discussion
Under New York law, there is a presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to access, however, is not absolute, and a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (see D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]). Moreover, sealing has been allowed in the absence of "any legitimate public concern, as opposed to mere curiosity, to counterbalance the interest of [a business's] partners and clients in keeping their financial arrangement private" (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept [*2]1992] [internal quotation marks and citation omitted]).
Motion Sequence No. 018
On March 29, 2023, Bravia filed unredacted versions of its summary judgment materials and redacted versions of the same materials (NYSCEF Doc. Nos. 311 and 327) for public view. Bravia requests that the court enter an order to permanently seal the unredacted summary judgment materials, restrict access to the parties only, and direct that the redacted versions of the documents remain on the public docket in their redacted form.
Bravia asserts that the unredacted summary judgment materials are subject to protection pursuant to the parties' Stipulation and Order for the Production and Exchange of Confidential Information so-ordered by this court on June 14, 2022. Plaintiff states that the summary judgment materials contain quotations, excerpts, and detailed discussion of agreements entered into by the parties and nonparties to this matter; as well as entire and exact copies of confidential documents produced by HNA Group and/or HNA NA and Bravia. Plaintiff also contends that several documents contained in the summary judgment materials were produced by the parties in discovery pursuant to the parties' joint stipulation (see NYSCEF Doc. No. 178).
Bravia argues that good cause exists to seal the summary judgment materials, both because there is no compelling public interest in the documents and because public disclosure of these records would harm the competitive interests of the parties. Further, plaintiff alleges that the summary judgment materials reflect agreements entered into by nonparties to the litigation. Plaintiff has taken steps to avoid public disclosure of such sensitive records, as revealing them would provide competitors with knowledge of how HNA Group approaches, structures, or performs its commercial dealings.
"Since confidentiality is the exception," the movant must demonstrate that "public access to the documents at issue will likely result in harm to a compelling interest of the movant" (Mancheski, 39 AD3d 499 at 502[2nd Dept. 2007] [citations omitted]). There is no stated opposition to Bravia's motion on this record, and no indication that the public or press would have an interest in this matter. Absent an order from this court, plaintiff's private documents, which are subject to protection will remain unrestricted to public. Given that the court previously found good cause to enter a protective order concerning these documents, case law suggests that such a prior finding supports sealing (see Abe v. New York Univ., 169 AD3d 445, 448-49 [1st Dept 2019], leave to appeal dismissed, 34 NY3d 1089 (2020)). While such a finding is not dispositive, deference should be granted to the prior finding.
Likewise, private transactions and financial information belonging to nonparties should accordingly be sealed (see Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502 [finding sealing is warranted where "disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]). The court finds that the summary judgment materials meet the burden of establishing good cause to seal, as set forth in Mosallem (76 AD3d at 348.-350).
The court notes that, going forward, the parties are reminded that any such motions seeking a confidentiality order or sealing documents shall comply with this Part's rules, effective July 2022, as set forth in paragraph nine, particularly subsections (d) and (e). Failure to comply with the Part rules may result in denial of the motion.

 Conclusion
Accordingly, it is
ORDERED that motion seq. no. 018 is granted. As redacted versions of NYSCEF Doc. Nos. 311 and 327 have been filed publicly and unredacted copies under temporary seal, plaintiff need not file duplicates; and it is further
ORDERED that the New York County Clerk, upon service to him of this order by movant, shall seal NYSCEF Doc. Nos. 310, 313, 315 through 320, 322 through 324, and 326; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further
ORDERED that this order does not authorize sealing or redacting for purposes of trial.
January 23, 2024
ROBERT R. REED, J.S.C.